UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EVELYN MARIE SMITH,               )
                                  )
                PLAINTIFF         )
                                  )
        VS.                       )       CAUSE NO. 3:17-CV-22 RLM-MGG
                                  )
NANCY A. BERRYHILL,[1] ACTING     )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
                DEFENDANT         )

OPINION and ORDER

Evelyn Marie Smith seeks judicial review of a final decision denying her
application for disability insurance benefits and supplemental security income
under Title II of the Social Security Act, 42 U.S.C. §§ 423 and 1383 *et seq.* The
court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). For the
following reasons, the court vacates the Commissioner's decision and remands
this case for further proceedings consistent with this opinion.

I. BACKGROUND

Ms. Smith's application for disability insurance benefits and supplemental
security income was denied initially, on reconsideration, and after an
administrative hearing at which she and a vocational expert testified. Based on
the record before her, the ALJ found that Ms. Smith had severe impairments—

---

[1] **Error! Main Document Only.**Carolyn W. Colvin, the Acting Commissioner of Social
Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P.
25(d)(1).

affective disorder, cannabis abuse disorder, and multilevel degenerative disc disease—but concluded that none of her impairments met or medically equaled any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App'x 1.

The ALJ decided Ms. Smith had the residual functional capacity to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with limitations;[2] that she couldn't perform her past relevant work, but could perform other jobs available in significant numbers. The ALJ concluded that she wasn't disabled within the meaning of the Social Security Act and wasn't entitled to benefits.

When the Appeals Council denied Ms. Smith's request for review, the ALJ's decision became the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 107 (2000); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

II. STANDARD OF REVIEW

The issue for the court isn't whether Ms. Smith is disabled, but whether substantial evidence supports the ALJ's decision that she wasn't disabled. Scott

---

[2] The ALJ concluded that Ms. Smith couldn't "kneel or crawl, balance on wet or uneven surfaces, or climb ladders, ropes, or scaffolds; kneel," but she could occasionally stoop, crouch, and climb ramps and stairs. [Doc. No. 10 at 29]. She found Ms. Smith could tolerate occasional exposure to workplace hazards, including unprotected heights and dangerous moving machinery, and "occasional exposure to extreme temperatures, wetness, humidity, and pulmonary irritants such as fumes, odors, dusts, gases, and areas of poor ventilation." Id. She also limited Ms. Smith to "occasional interaction with supervisors and co-workers," no contact with the public, "simple routine tasks, without production paces or quotas," work not requiring "tandem task," and work involving "only simple work[-]related decisions." Id.

v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434–435 (7th Cir. 2000), but instead must conduct "a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). ALJs must "sufficiently articulate their assessment of the evidence to assure [the court] that they considered the important evidence and to enable [the court] to trace the path of their reasoning." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (internal quotations omitted).

III. Discussion

Ms. Smith presents three issues for review: (1) whether the ALJ properly evaluated the medical and psychological opinion evidence; (2) whether the ALJ erred in finding that Ms. Smith's impairments didn't meet or medically equal a listing; and (3) whether the ALJ's residual functional capacity finding is supported by substantial evidence. Ms. Smith asks the court to either reverse the Commissioner's decision and award benefits or remand the case for further proceedings.

Ms. Smith first argues that the ALJ improperly discounted the opinion of her treating psychologist, Dr. Julia Kocal. The ALJ afforded "little deference" to Dr. Kocal's opinion because of a limited treatment history, which isn't disputed; it wasn't consistent with the record; and Ms. Smith's benign treatment history.

The ALJ didn't provide a logical bridge between her determination that Dr. Kocal's opinion was unsupported and the evidence in the record. *See* Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). For example, the ALJ criticized Dr. Kocal's post-traumatic stress disorder diagnosis, claiming it was "based on the claimant's subjective allegations, not the record." [Doc. No. 10 at 35]. While it is unremarkable that a psychologist would rely on her patient's reports regarding her symptoms to diagnose a mental impairment, *see* Adaire v. Colvin, 778 F.3d 685, 687 (7th Cir. 2015) (a claimant's subjective complaints are relevant even if they aren't supported by objective medical evidence), the record contains considerable support for Dr. Kocal's PTSD diagnosis.

4

Consulting psychologist Dr. Frank Choate also diagnosed Ms. Smith with PTSD and nurse practitioner Deborah Walsh, who appears to have treated Ms. Smith over an eight-year period, noted PTSD as a "psychological condition affecting [Ms. Smith's] physical condition." [Doc. No. 10 at 471, 492]. Dr. Randell Coulter noted that Ms. Smith was under the care of a physician for PTSD. Id. at 421. And there appears to be abundant evidence in the record to support a PTSD diagnosis. *Compare* Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 271 (5th ed. 2013) (defining the diagnostic criteria for PTSD) *with* Doc. No. 10 at 380, 468–469, 562 (describing severe trauma suffered by Ms. Smith and its clinical consequences).

The ALJ also pointed to Ms. Smith's "benign treatment record" as a basis for discounting Dr. Kocal's opinion regarding her impairments and their severity. An ALJ can draw a negative inference about a claimant's credibility from an uneven treatment record in certain instances, but the Commissioner doesn't cite any authority suggesting that a lack of treatment provides grounds for discounting a medical opinion. And the court of appeals has emphasized that ALJs shouldn't draw an adverse inference from an uneven treatment record when the claimant has a mental impairment because "mental illness . . . may prevent the sufferer from . . . submitting to treatment." Kangail v. Barnhart, 454 F.3d 627, 630 (7th Cir. 2006). *See also* Roddy v. Astrue, 705 F.3d 631, 638 (7th Cir. 2013); Mendez v. Barnhart, 439 F.3d 360, 362 (7th Cir. 2006).

Ms. Smith also contends that the ALJ erred in evaluating the opinions of

Dr. Verlin Houck and Dr. Frank Choate because she didn't fully consider the regulatory factors before assigning weight to their opinions. The regulations direct an ALJ to "consider all of the following factors in deciding the weight [to] give to any medical opinion:" (1) the examining relationship; (2) length and nature of treatment relationship; (3) the degree to which the opinion is supported; (4) how consistent the opinion is with the record as a whole; (5) the specialization of the medical professional; and (6) any other factors. 20 C.F.R. § 416.927(c)(1)–(6); 20 C.F.R. § 404.1527(c)(1)–(6).

The ALJ, who wrote a very thorough opinion in many respects, addressed some, but not all, of the regulatory factors when assigning weight to the opinions of Drs. Houck and Choate. The ALJ must address the regulatory factors before assigning weight to medical and psychological opinions, Campbell v. Astrue, 627 F.3d 299, 308 (7th Cir. 2010), and the failure to do so "is itself a deficiency that warrants remand." Evans v. Colvin, No. 12-CV-888-JDP, 2014 WL 2615413, at *5 (W.D. Wis. June 12, 2014). *But see* Henke v. Astrue, 498 F. App'x 636, 640 n.3 (7th Cir. 2012) (noting that the ALJ's discussion of two of the relevant factors was sufficient even though the ALJ didn't "explicitly weigh every factor while discussing her decision to reject [a medical opinion]").[3]

---

[3] With respect to Dr. Choate's opinion, the ALJ assigned "great weight" to the portion of his opinion finding that Ms. Smith had the psychological and cognitive ability to manage her own funds, but didn't address his opinion that her ability to manage simple daily activities "appear[ed] to be substantially impaired" or his diagnosis of four Axis I clinical disorders, which he described as "exceedingly rare." This was an error; an ALJ can't "address mere portions of a doctor's report," rather she must address all relevant

And the ALJ was simply wrong as to a fact she cited when weighing positively the opinions of the state agency consultants, Joseph Pressner, Ph.D. and J. V. Corcoran, M.D. In 2013, Drs. Pressner and Corcoran opined that Ms. Smith was moderately limited in her activities of daily living, social functioning, concentration, persistence, and pace. The ALJ found that these opinions were entitled to great weight because "there was no new and material evidence to support greater limitations" and relied on them for her conclusion that Ms. Smith had only moderate limitations in activities of daily living, social functioning, concentration, persistence, and pace. [Doc. No. 10 at 26].

But there was new and material evidence to support greater limitations than those found by Drs. Pressner and Corcoran. In 2015, Dr. Kocal completed a mental impairment questionnaire, opining that Ms. Smith's was extremely limited in activities of daily living, social functioning, concentration, persistence, and pace. While the ALJ afforded Dr. Kocal's opinion "little deference," it was new and material evidence supporting greater limitations than those found by the state agency consultants and might have "affect[ed] the state agency reviewers' assessment of [Ms. Smith's] mental functional capacity." Campbell v. Astrue, 627 F.3d 299, 309 (7th Cir. 2010).[4]

---

evidence. Myles v. Astrue, 582 F.3d 672, 678 (7th Cir. 2009).

[4] Ms. Smith also argues that the ALJ improperly weighed the opinions of Dr. Coulter, Dr. Walter Fritz, and her therapist at Four County Counseling Center, Sandra Ringer. The ALJ didn't err in weighing the opinions of Drs. Coulter and Fritz. She properly found that Dr. Coulter's opinion wasn't supported by clinical findings and Dr. Fritz simply

Ms. Smith makes two other arguments in her petition for review of the ALJ's decision. First, she contends that the ALJ erred in finding that Ms. Smith's impairments didn't meet or equal a listing. Ms. Smith "has the burden of showing that [her] impairments meet a listing, and [she] must show that [her] impairments satisfy all of the various criteria specified in the listing." Ribaudo v. Barnhart, 458 F.3d 580, 583 (7th Cir. 2006). A listing determination should be upheld if the ALJ mentions the specific listing under consideration and the analysis isn't perfunctory. Id.

The ALJ mentioned the four listings she considered: 1.04 (disorders of the spine), 12.04 (affective disorders), 12.06 (anxiety-related disorders); and 12.09 (substance addiction disorders). Ms. Smith doesn't argue that the ALJ should have considered any other listing. The ALJ's analysis wasn't perfunctory; the discussion of whether Ms. Smith met or medically equals a listing spans three pages of her decision. Accordingly, Ms. Smith hasn't shown any error in the ALJ's listing determination.[5]

---

countersigned the medical source statement completed by nurse practitioner Walsh. The evidence in the record doesn't demonstrate that Dr. Fritz ever examined or treated Ms. Smith and Ms. Smith cites no authority suggesting that the ALJ was required to consider a report countersigned by a physician as if it were that physician's opinion. On remand, the ALJ should reconsider her treatment of Ms. Ringer's opinions and properly consider all relevant evidence in assigning weight to her opinions. See Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168, (1939)) (a lower court is free to consider issues even if they weren't included within the mandate of the reviewing court).

[5] Ms. Smith also contends that the ALJ improperly relied on Social Security Rule 96-6p, which was binding on her at the time of her decision, arguing that the judgment of a medical or psychological consultant designated by the Commissioner isn't required on

Ms. Smith also contends that the ALJ's residual functional capacity determination isn't supported by substantial evidence. Because the ALJ's residual functional capacity determination is based on her evaluation of the medical evidence in the record, the ALJ should reconsider her residual functional capacity finding after properly weighing the opinion evidence on remand. *See* Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168, (1939)) (a lower court can consider issues that weren't included within the mandate of the reviewing court).

## IV. CONCLUSION

The court VACATES the Commissioner's decision and REMANDS this case for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED:     February 15, 2018     

_____/s/ Robert L. Miller, Jr._____
Judge, United States District Court

---

the issue of listing equivalence because a claimant can also satisfy the listing requirements showing that her symptoms meet the listing requirements. Ms. Smith is correct that an ALJ can consider a claimant's allegations that her symptoms meet a listing, but the ALJ didn't err is recognizing that she needed to consider the opinion of a medical or psychological consultant designated by the Commissioner. *See* 20 C.F.R. §§ 404.1526(c), 416.926(c).